UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LARRY C. COOK, JR.,

    Petitioner,

v.                                    Case No. 5:02-cv-333-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____

## ORDER DENYING THE PETITION

Petitioner, who is proceeding *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 1998 Marion County convictions for robbery with a firearm and resisting arrest without violence. Petitioner received a sentence of life imprisonment for the robbery conviction pursuant to the Prison Releasee Reoffender Act ("PRRA"). The Respondent has responded to the Petition and concedes that the Petition is timely. Upon due consideration of the Petition, the Response and appendix, and Petitioner's reply, the Court concludes that the Petition must be denied.

### Claims of Petition

The Petitioner asserts the following eight grounds for relief:

(1) The PRRA violates the Florida and United States Constitutions;

(2) He was denied a fair trial in violation of the Due Process Clause because the trial court instructed the jury that it would be up to the judge to impose the sentence, when the judge did not have the discretion to determine the sentence under the PRRA;

(3) He was denied the effective assistance of counsel because counsel failed to object to the challenged jury instruction.

(4) - (8) He was denied the effective assistance of counsel in several respects in connection with a tape-recorded confession that Petitioner made following his arrest, which confession was admitted into evidence at trial.

## **Exhaustion/Procedural Bars**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[1]  This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[2]

---

[1] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[2] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioners' pro se status does not alone amount to good cause.[3]

A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.[4] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.[5] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[6] The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[7] A full and fair opportunity involves the proper presentation of the federal constitutional claim.[8] Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[9]

Respondents argue that Petitioner procedurally defaulted grounds (4) through (8) of the Petition. Although Petitioner raised those grounds on collateral review in

---

[3] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

[4] Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).

[5] Picard v. Connor, 404 U.S. 270, 277 (1971).

[6] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[7] Id.

[8] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[9] Coleman v. Thompson, 501 U.S. 722, 729-30, *reh'g denied*, 501 U.S. 1277 (1991).

the state court, in Petitioner's reply to the State's response in that case Petitioner conceded that those five grounds were meritless. See App. at tab V. Accordingly, the state court declined to address those grounds. App. at tab W. In the instant case, Petitioner's reply does not contest the Respondent's assertion that these grounds are procedurally defaulted, nor does Petitioner make any argument of cause and prejudice for the default. Accordingly, this Court finds that those grounds are procedurally defaulted and they will not be addressed.

Petitioner's ground (1) was raised in his direct appeals, and Petitioner's grounds (2) and (3) were raised in his Rule 3.850 motion in state court. Petitioner's Rule 3.850 motion was denied on the merits. App. at W. The Fifth District Court of Appeal affirmed. App. at AA. Accordingly, those grounds are exhausted.

### Evidentiary Hearing

Upon a review of the record, the Petitioner is not entitled to an evidentiary hearing.[10] The pertinent facts of the case are fully developed in the record before the Court.[11] Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development,"[12] no additional evidentiary proceedings are required.[13]

---

[10] Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999).

[11] Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992).

[12] Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003).

[13] High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000).

## **Merits of Claims**

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[14]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[15]  The "contrary to" and "unreasonable application" clauses provide separate bases for review.[16]  A state court's rejection of a claim on the merits is entitled to deference regardless whether the state court has explained the rationale for its ruling.[17]

## **Ground One**

In ground one, Petitioner alleges that the PRRA violates the United States and Florida Constitutions because the statute is vague, is contrary to the doctrine of separation of powers, violates equal protection, and amounts to ex post facto punishment.

The PRRA provides that defendants who commit certain enumerated crimes

---

[14] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[15] See 28 U.S.C. § 2254(d)(1).

[16] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[17] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

within three years of being released from a state prison are subject to certain enhanced sentences.  See F.S.A. § 755.082.  In this case, Petitioner's offense of conviction, armed robbery, was punishable by life imprisonment, and the PRRA therefore mandated imposition of that maximum penalty.  See id. § 755.082(3)(a).

Petitioner's claims pertaining to the constitutionality of the PRRA under the Florida constitution are not cognizable on federal habeas corpus review.[18]

The Florida Supreme Court rejected Petitioner's claim that the PRRA is unconstitutional.  See Cook v. State, 784 So. 2d 403, 404 (Fla. 2001).  In doing so the court relied on its previous decisions in Grant v. State, 770 So. 2d 655 (Fla. 2000), McKnight v. State, 769 So. 2d 1039 (Fla. 2000), State v. Cotton, 769 So. 2d 345 (Fla. 2000), and Ellis v. State, 762 So. 2d 912 (Fla. 2000).  See Cook, 784 So. 2d at 404.

In Grant, the Florida Supreme Court applied familiar principles of federal equal-protection analysis to conclude that the PRRA's classification of some defendants as "prison releasee reoffenders" (those who commit offenses within three years after release from a state prison) did not violate equal protection because the classification was reasonably related to the legitimate state interest of preventing the commission of violent crimes by recidivists.  Grant, 770 So. 2d at 660; see Romer v. Evans, 517 U.S. 620, 631 (1996).  The court further held that the PRRA did not violate the Ex Post Facto Clause because a habitual-offender sentence is not an

---

[18] See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

additional penalty for an earlier crime, but is an increased penalty for the most recent crime, which is aggravated due to the repetition.  Grant, 770 So. 2d at 661-662 (citing Bryger v. Burke, 334 U.S. 728, 732 (1948) and McDonald v. Massachusetts, 180 U.S. 311, 313 (1901)); see also Parke v. Raley, 506 U.S. 20 (1992).

In Cotton, the Florida Supreme Court held that the PRRA does not implicate separation of powers concerns by operating as a mandatory-minimum sentence, nor is the statute vague such that its application violates due process.  The Court specifically noted that the United States Supreme Court has upheld the constitutionality of mandatory-minimum sentences.  Cotton, 769 So. 2d at 350 (citing Chapman v. United States, 500 U.S. 453, 467  (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion.") (emphasis added)).  The court held that the statute does not violate due process because a defendant has the ability to challenge the prosecutor's exercise of discretion to prosecute under the PRRA on equal-protection grounds where the defendant alleges that such discretion was exercised pursuant to an "'unjustifiable standard.'" Id. at 351 (citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).

Although Petitioner conclusionally alleges that the PRRA is unconstitutional, he has offered no cogent argument as to how the Florida Supreme Court's adjudication of this issue was contrary to, or involved an unreasonable application of, clearly established Federal law.  Accordingly, Petitioner is not entitled to relief on this claim.  See 28 U.S.C. § 2254(d)(1).

**Ground Two**

Petitioner contends that the trial court erred in instructing the jury that it was within the court's province to sentence Petitioner when in fact Petitioner was subject to the mandatory-minimum sentence prescribed by the PRRA.

Federal habeas relief is unavailable "for errors of state law."[19] "A jury instruction that was allegedly incorrect under state law is not a basis for habeas relief, because federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[20] "Unlike state appellate courts, federal courts on habeas review are constrained to determine only whether the challenged instruction, viewed in the context of both the entire charge and the trial record, so infected the entire trial that the resulting conviction violate[d] due process."[21]

The state court rejected this claim on collateral review because the jury instruction was a correct statement of Florida law. App. W at 20 (citing Broughton v. State, 790 So. 2d 1118 (Fla. Dist. Ct. App. 2001)). Petitioner has made no showing that the challenged instruction, in the context of the trial record, so infected the trial that his armed-robbery conviction violated due process. Accordingly, Petitioner is not entitled to relief on this claim.

---

[19] Jamerson v. Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005) (citations omitted).

[20] Id. (internal quotations and citations omitted).

[21] Id. (internal quotations and citations omitted).

**Ground Three**

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to object to the challenged instruction.

In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[22]  Both prongs must be shown in order to succeed on an ineffective-assistance claim.

As noted, Petitioner has shown no error in the state-court's determination that the challenged instruction was a correct statement of Florida law.  Thus, Petitioner's trial counsel did not perform ineffectively for failing to object to the instruction. Further, Petitioner has made no showing that any failure to object to the jury instruction prejudiced his defense of the armed-robbery charge.  Accordingly, Petitioner is not entitled to relief on this claim.

**Conclusion**

For the foregoing reasons, the Petition is **DENIED** with prejudice.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close

---

[22] Strickland v. Washington, 466 U.S. 668  (1984).

the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 13th day of February 2006..

_____
UNITED STATES DISTRICT JUDGE

c: Larry C. Cook, Jr.
   Counsel of Record